## Kahr v. Kahr.

(Decided May 29, 1923.)

### Appeal from Boone Circuit Court.

1. Divorce—Wife Held Not Entitled to Divorce or Alimony for Blow by Husband Provoked by Her.—Even though no self-respecting woman could live with a man who would strike her, a wife is not entitled to a divorce from her husband because he did strike her, where the evidence showed that she had provoked the assault by

first striking him, and, not being entitled to divorce, she was not entitled to alimony.

2. Divorce—Husband Can be Required to Pay Costs, Notwithstanding Wife was Not Entitled to Divorce.—Even though a wife was not entitled to the divorce prayed for by her, the chancellor properly required the husband to pay the costs of her suit, including her counsel fee.

S. W. TOLIN for appellant.

O. M. ROGERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Leslie Ann Kahr, brought this action in the Boone circuit court against her husband, John Kahr, for divorce and alimony. She alleges that she was fifty-nine years of age at the time of her marriage. Appellee, John Kahr, admits he was seventy-three years of age at the same time. They were married August 4, 1921, and lived together continuously for the full space of six weeks, when after a fisticuff she left him and his home and went away and has not lived with him since. She soon thereafter brought this action for divorce and alimony. Both parties have adult children. She has been married three times and he has been married but twice. She has two living husbands and one dead one, while appellant's first wife is dead.

Appellee accused her husband of whipping her and undertakes to prove that he is a man of brutal nature and habits. She testifies that he did strike her and that he was often in a quarrel with her. She also states that he did not provide for her. She has no property but seeks to take part of his as alimony. He has, so she says, property worth about $6,500.00.

On the other hand, appellee, John Kahr, testifies that he did not know his present wife until a very short time before their marriage; that when he became acquainted with her she pursued him and besought him to marry her. He says he did not want to marry and so told her, but after being with her a few times yielded to her blandishments and agreed to marry her. Later he changed his mind and told her he had decided not to marry, whereupon she informed him he would marry her on the day set or she would sue him for breach of promise. To avoid this notoriety, appellee says, he consented to and did marry appellant. The next morning after the wedding

they were having breakfast at his house; she had placed the breakfast table next to an east window, and she placed his chair in front of the window with the sun beaming in on it. After trying to eat his breakfast in the blazing sun he mildly suggested that they move the table over a little so that he would be out of the heat. He admits his inability to describe what took place there when he made this suggestion, but mildly adds ''that was our first encounter.'' According to his evidence the ''encounters'' came thick and fast, sometimes lasting through the whole day. She was very high-tempered and irritable. Most of the time she was berating him, at least so the neighbors testified. She not only talked much but she talked loud. Their marital relations ended in a rather brisk fight in which she used her hands to claw his face, and then grabbed the mop handle and, as he expresses it, ''cracked me over the head.'' This not only raised a large pomp knot but it also raised his ire, and he snatched the mop stick from her hands and struck her with it a time or two, and these are the licks of which she complains. From this evidence it is hard to tell just when the ''honeymoon'' began and where and when it terminated.

The chancellor dismissed appellant's petition and denied her alimony, but adjudged the cost, including $75.00 attorney fee, against the appellee, John Kahr. Feeling aggrieved at the refusal of the chancellor to grant her a fair-sized share of the life savings of her husband of six weeks, she appeals.

Counsel for appellant in brief argues that no self-respecting woman could live with a man who would strike her. With this contention we entirely agree. However, the law has always allowed one unlawfully assaulted to defend himself against the assault. Both appellant and appellee were in the wrong. From all the evidence it appears that appellant would start the disputes or controversies and so irritate and aggravate and excite appellee that he would retaliate. Clearly appellant was not entitled to a divorce, and not being entitled to divorce was not entitled to alimony. The chancellor properly required appellee, John Kahr, to pay the cost, including the $75.00 attorney fee, to her counsel. There was no equity in the bill and the chancellor did not err in dismissing it.

Judgment affirmed.